UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                           :

ZHEN MING CHEN,                          :

                      Plaintiff,         :            14-CV-3967 (JMF)

                    -v-              :      MEMORANDUM OPINION
                                          :          AND ORDER

Y CAFE NYC INC., et al.,            :

                    Defendants.    :

-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On April 30, 2015 — the day the parties' pre-trial submissions were due (their first submissions having been stricken for many deficiencies) — defense counsel instead filed a motion to withdraw on the grounds that Defendants had failed to pay their legal fees and were refusing to cooperate with him.  (*See* Docket No. 56).  Pursuant to Local Rule 1.4, "[t]he Court has a great deal of discretion in deciding a motion for withdrawal of counsel." *Spadola v. N.Y.C. Transit Auth.*, No. 00-CV-3262 (VM), 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002).  In making that decision, courts "must . . . analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).  Although the non-payment of legal fees and a client's failure to cooperate can be valid reasons for counsel to withdraw, given the circumstances here, they are insufficient.  Courts have frequently denied motions to withdraw filed too close to the beginning of trial, and this case is trial-ready.  *See, e.g.*, *Vachula v. General Electric Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a

motion."); *Fashion Boutique of Short Hills, Inc. v. Fendi, USA, Inc.*, No. 91-CV-4544 (MGC), 1999 WL 440626, at *1 (S.D.N.Y. June 28, 1999) (denying a motion to withdraw where the parties' Joint Pretrial Order "would have been submitted but for the filing" of the motion to withdraw).  As noted above, the deadline for the parties' pre-trial filings (including the direct testimony of witnesses) has already passed.  There can be no question that allowing counsel to withdraw at this point would significantly delay the proceedings.

That delay is particularly concerning because Defendants' previous counsel also withdrew on the same grounds.  (*See* Docket No. 35).  Not only will that fact make it more difficult for Defendants to find new counsel, but it also raises the specter that Defendants are engaging in strategic behavior to delay these proceedings.  *See Rophaiel v. Aiken Murray Corp.*, No. 94-CV-9064 (CSH), 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) (denying a motion to withdraw where "[i]t would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees").  Further, although defense counsel has represented that the individual defendant is willing to proceed *pro se* (Docket No. 57), Defendant Y Cafe NYC Inc. is a corporation and may not proceed *pro se* in federal court.  Allowing counsel to withdraw would therefore either require the Court to stay proceedings for a significant length of time while the corporate Defendant found new counsel or put the corporate Defendant at great risk for default.  *See S.E.C. v. Great Am. Tech.*, 2009 WL 4885153, at *5 (S.D.N.Y. 2009).  Lastly, because previous counsel withdraw on essentially the same grounds as presented in the instant motion, defense counsel "entered the engagement with eyes wide open."  *Id.*  That is, he knew the risks of undertaking the current representation and now must live with the consequences.  Although the Court is sympathetic to defense counsel's predicament, granting the motion to withdraw would prejudice both parties, and would substantially impede the resolution

of this case.  Accordingly, the motion is DENIED.

The Clerk of Court is directed to terminate Docket No. 56.


SO ORDERED.

Dated: May 1, 2015
New York, New York

JESSE M. FURMAN
United States District Judge

3